Read, Judge.
At the- June term of the court of Common Pleas, 1841, Ralph W. Newton obtained judgment against Daniel Taft, for *211 the sum of $158.32, and costs, $9.19. Execution was duly issued, placed in the hands of the sheriff, which he neglected or refused to execute, and neglected or refused to return according to law. For these causes a motion was made to amerce the sheriff. The proceedings being regular, and due notice having been given to the sheriff, the court, at the February term, 1843, pronounced the following judgment: That James Graham, late sheriff of this county, be and he is hereby amerced in the sum of one hundred and eighty four dollars, the amount of the judgment, damages and costs, and interest to this time, and the further sum of $16.75, penalty of ten per centum on the amount of said judgment, damages' and costs, and that execution issue therefor.
Numerous errors have been assigned, but as none are found to be true, we shall only consider that taken to the amount of the judgment in amercement. In Wadsworth v. Parsons, 6 Ohio, 449, it has been decided that pleadings are unnecessary on motions for amercement.
But in this, as in all other cases, the facts which warrant the judgment of the court must be set out in the motion, and appear upon the record. All this sufficiently appears upon this record.
*The determination of this case, then, depeflds upon the construction to be given to that portion of the 31st section of the act relating to judgments and executions which declares that the sheriff, for refusing or neglecting to perform the duties specified in said section, shall “ be amerced in the amount of said debt, damages and costs, with ten per centum thereupon, to and for the use of said plaintiff.”
This section refers to executions upon final judgments. Final judgments are debts. What is the damage in not paying a judgment debt? The interest. The statute declares that the amount of the amercement shall be the debt, damages and costs, with ten per centum thereon. The amount, then, in whiqh the sheriff is to be amerced, is ascertained by adding to the amount of the judgment debt the interest which has accrued thereon, then add the costs, and then add ten per centum of the whole amount so made up, of the judgment debt, interest and costs, which makes up the true amount of the judgment to be rendered, or the amercement; which, when so reduced to judgment, will draw interest as other judgments, until collected. But, it is said, the statute should be strictly construed, and that no interest should be given upon the judgment debt.
To give the statute such a construction would enable the sheriff to make a speculation, if he should manage to keep the money long enough to permit the interest to exceed the penalty. On this eon *212 struction we could not give force and effect to all the words in the statute, which are debt, damages and costs, with ten per centum. To meet the word damages we must allow the interest upon the judgment, which is known in the law upon judgment debt, as damages.
E. Backus, for plaintiff in error.
Brush and Gilbert, for defendant in error,
But delinquent officers come before the court with a poor grace to ask the court to construe this act, against its words, in their favor. Men who assume public office must learn that they will be held to a strict and prompt performance of duty ; and have no right to complain of penalties consequent upon official delinquency, which should have been avoided by performing all that their position requires. The very object of this act was to insure promptness and fidelity on the part of ^sheriffs, or other officers, charged with the execution of final [212 process, and will be construed by the court to effect that object.
The only error in this case, is, that the judgment in amercement is too small, and being an error in favor of the plaintiff can not be taken advantage of by him.
The court below, instead,of adding the interest to the judgment and costs, and giving the penalty upon the whole, merely gave the penalty upon the judgment and costs, and interest upon the judgment.
Judgment affirmed.